IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| AMERICAN VEHICULAR SCIENCES LLC | § § § § § § | |
| Plaintiff, | § | Civil Action No. _____ |
| | § § | |
| v. | § § | |
| TOYOTA MOTOR CORPORATION, TOYOTA MOTOR SALES, U.S.A., INC. SOUTHEAST TOYOTA DISTRIBUTORS, LLC, AND GULF STATES TOYOTA, INC. | § § § § § § § § | JURY TRIAL |
| Defendants. | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff American Vehicular Sciences LLC ("AVS") files this Original Complaint for patent infringement against Defendants Toyota Motor Corporation, Toyota Motor Sales, U.S.A., Inc., Southeast Toyota Distributors, LLC, and Gulf States Toyota, Inc. (collectively "Toyota").

## PARTIES

1. Plaintiff AVS is a limited liability company existing under the laws of Texas with its principal place of business at 6136 Frisco Square Blvd., Suite 385, Frisco, Texas 75034.

2. Defendant Toyota Motor Corporation is a corporation existing under the laws of Japan with its principal place of business at 1 Toyota-cha, Toyota City, Aichi Prefecture 471-8571, Japan.

3. Defendant Toyota Motor Sales U.S.A., Inc. is a California corporation with its principal place of business at 19001 S. Western Avenue, Torrance, CA 90501.

4. Defendant Southeast Toyota Distributors, LLC is a Delaware limited liability company with its principal place of business at 500 Jim Moran Boulevard, Deerfield Beach, Florida 33442.

5. Defendant Gulf States Toyota, Inc. is a Texas corporation with its principal place of business at 1375 Enclave Parkway, Houston, Texas 77077.

## JURISDICTION AND VENUE

6. This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 271.

7. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400 (b).

## SUMMARY

9. Dr. David Breed is one of the leading inventors in the field of automotive technology in the world today.

10. Dr. Breed is an inventor on more than 300 United States patents relating to automotive technologies, including airbags, navigation systems, vehicle diagnostics, crash sensors, vehicle communications, systems monitoring, theft protection, and collision avoidance.

11. Dr. Breed has a Ph.D in Mechanical Engineering from Columbia University as well as Bachelors' and Masters' degrees from the Massachusetts Institute of Technology.

12. Dr. Breed has received the National Highway Traffic Safety Administration's Award for Safety Engineering and the prestigious H.H. Bliss award for his contributions to the development of the airbag.

13. Dr. Breed is a member of the Tau Beta Pi and Pi Tau Sigma engineering honors societies and has published numerous peer-reviewed articles.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 6,738,697

14. AVS incorporates the foregoing paragraphs as if fully set forth here.

15. On May 18, 2004, the USPTO duly and legally issued United States Patent No. 6,738,697 B2 ("the '697 Patent"), entitled "Telematics System For Vehicle Diagnostics." AVS owns the '697 Patent and holds the right to sue and recover damages for infringement thereof. A true and correct copy of the '697 Patent is attached as Exhibit A.

16. On information and belief, Toyota has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '697 Patent in the state of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, offering for sale, selling, or importing vehicles, including but not limited to various model years of IS, ES, GS, LS, IS C, RX, GX, LX, IS F, LF A, CTh, RXh, GSh, LSh, and HS product, that include vehicle diagnostic systems, including but not limited to the Lexus Enform system and other similar systems, that infringe or the use of which infringe

one or more claims of the '697 Patent, all to the injury of AVS. Toyota is thus liable for infringement of the '697 Patent pursuant to 35 U.S.C. § 271.

17. As a result of Toyota's infringement of the '697 Patent, Toyota has damaged AVS. Toyota is liable to AVS in an amount to be determined at trial that adequately compensates AVS for the infringement, which by law can be no less than a reasonable royalty.

18. AVS intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding relative to pre-suit infringement and/or post-suit infringement of the '697 Patent.

19. As a result of Toyota's infringement of the '697 Patent, AVS has suffered and will continue to suffer loss and injury unless Toyota is enjoined by this Court.

20. At least as early as its receipt of this Complaint, Toyota has had knowledge of the '697 Patent and written notice of the infringement.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 6,823,244

21. AVS incorporates the foregoing paragraphs as if fully set forth here.

22. On November 23, 2004, the USPTO duly and legally issued United States Patent No. 6,823,244 B2 ("the '244 Patent"), entitled "Vehicle Part Control System Including Electronic Sensors." AVS owns the '244 Patent and holds the right to sue and recover damages for infringement thereof. A true and correct copy of the '244 Patent is attached as Exhibit B.

23. On information and belief, Toyota has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '244 Patent in the state of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, offering for sale, selling, or importing vehicles, including but not limited to various model years of IS, ES, GS, LS, IS C, RX, GX, LX, IS F, LF A, CTh, RXh,

GSh, LSh, and HS product, that include vehicle diagnostic systems, including but not limited to the Lexus Enform system and other similar systems, that infringe or the use of which infringe one or more claims of the '244 Patent, all to the injury of AVS. Toyota is thus liable for infringement of the '244 Patent pursuant to 35 U.S.C. § 271.

24. As a result of Toyota's infringement of the '244 Patent, Toyota has damaged AVS. Toyota is liable to AVS in an amount to be determined at trial that adequately compensates AVS for the infringement, which by law can be no less than a reasonable royalty.

25. AVS intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding relative to pre-suit infringement and/or post-suit infringement of the '244 Patent.

26. As a result of Toyota's infringement of the '244 Patent, AVS has suffered and will continue to suffer loss and injury unless Toyota is enjoined by this Court.

27. At least as early as its receipt of this Complaint, Toyota has had knowledge of the '244 Patent and written notice of the infringement.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 7,082,359

28. AVS incorporates the foregoing paragraphs as if fully set forth here.

29. On July 25, 2006, the USPTO duly and legally issued United States Patent No. 7,082,359 B2 ("the '359 Patent"), entitled "Vehicular Information And Monitoring System And Methods." AVS owns the '359 Patent and holds the right to sue and recover damages for infringement thereof. A true and correct copy of the '359 Patent is attached as Exhibit C.

30. On information and belief, Toyota has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '359 Patent in the state of Texas, in this judicial district, and elsewhere within the United States by,

among other things, making, using, offering for sale, selling, or importing vehicles, including but not limited to various model years of IS, ES, GS, LS, IS C, RX, GX, LX, IS F, LF A, CTh, RXh, GSh, LSh, and HS product, that include vehicle diagnostic systems, including but not limited to the Lexus Enform system and other similar systems, that infringe or the use of which infringe one or more claims of the '359 Patent, all to the injury of AVS. Toyota is thus liable for infringement of the '359 Patent pursuant to 35 U.S.C. § 271.

31. As a result of Toyota's infringement of the '359 Patent, Toyota has damaged AVS. Toyota is liable to AVS in an amount to be determined at trial that adequately compensates AVS for the infringement, which by law can be no less than a reasonable royalty.

32. AVS intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding relative to pre-suit infringement and/or post-suit infringement of the '359 Patent.

33. As a result of Toyota's infringement of the '359 Patent, AVS has suffered and will continue to suffer loss and injury unless Toyota is enjoined by this Court.

34. At least as early as its receipt of this Complaint, Toyota has had knowledge of the '359 Patent and written notice of the infringement.

**COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 7,630,802**

35. AVS incorporates the foregoing paragraphs as if fully set forth here.

36. On December 8, 2009, the USPTO duly and legally issued United States Patent No. 7,630,802 B2 ("the '802 Patent"), entitled "Information Management And Monitoring System And Method." AVS owns the '802 Patent and holds the right to sue and recover damages for infringement thereof. A true and correct copy of the '802 Patent is attached as Exhibit D.

37. On information and belief, Toyota has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '802 Patent in the state of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, offering for sale, selling, or importing vehicles, including but not limited to various model years of IS, ES, GS, LS, IS C, RX, GX, LX, IS F, LF A, CTh, RXh, GSh, LSh, and HS product, that include vehicle diagnostic systems, including but not limited to the Lexus Enform system and other similar systems, that infringe or the use of which infringe one or more claims of the '802 Patent, all to the injury of AVS. Toyota is thus liable for infringement of the '802 Patent pursuant to 35 U.S.C. § 271.

38. As a result of Toyota's infringement of the '802 Patent, Toyota has damaged AVS. Toyota is liable to AVS in an amount to be determined at trial that adequately compensates AVS for the infringement, which by law can be no less than a reasonable royalty.

39. AVS intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding relative to pre-suit infringement and/or post-suit infringement of the '802 Patent.

40. As a result of Toyota's infringement of the '802 Patent, AVS has suffered and will continue to suffer loss and injury unless Toyota is enjoined by this Court.

41. At least as early as its receipt of this Complaint, Toyota has had knowledge of the '802 Patent and written notice of the infringement.

### COUNT V: INFRINGEMENT OF U.S. PATENT NO. 7,650,210

42. AVS incorporates the foregoing paragraphs as if fully set forth here.

43. On January 19, 2010, the USPTO duly and legally issued United States Patent No. 7,650,210 B2 ("the '210 Patent"), entitled "Remote Vehicle Diagnostic Management." AVS

owns the '210 Patent and holds the right to sue and recover damages for infringement thereof. A true and correct copy of the '210 Patent is attached as Exhibit E.

44. On information and belief, Toyota has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '210 Patent in the state of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, offering for sale, selling, or importing vehicles, including but not limited to various model years of IS, ES, GS, LS, IS C, RX, GX, LX, IS F, LF A, CTh, RXh, GSh, LSh, and HS product, that include vehicle diagnostic systems, including but not limited to the Lexus Enform system and other similar systems, that infringe or the use of which infringe one or more claims of the '210 Patent, all to the injury of AVS. Toyota is thus liable for infringement of the '210 Patent pursuant to 35 U.S.C. § 271.

45. As a result of Toyota's infringement of the '210 Patent, Toyota has damaged AVS. Toyota is liable to AVS in an amount to be determined at trial that adequately compensates AVS for the infringement, which by law can be no less than a reasonable royalty.

46. AVS intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding relative to pre-suit infringement and/or post-suit infringement of the '210 Patent.

47. As a result of Toyota's infringement of the '210 Patent, AVS has suffered and will continue to suffer loss and injury unless Toyota is enjoined by this Court.

48. At least as early as its receipt of this Complaint, Toyota has had knowledge of the '210 Patent and written notice of the infringement.

**COUNT VI: INFRINGEMENT OF U.S. PATENT NO. 8,019,501**

49. AVS incorporates the foregoing paragraphs as if fully set forth here.

50. On September 13, 2011, the USPTO duly and legally issued United States Patent No. 8,019,501 B2 ("the '501 Patent"), entitled "Vehicle Diagnostic And Prognostic Methods And Systems." AVS owns the '501 Patent and holds the right to sue and recover damages for infringement thereof. A true and correct copy of the '501 Patent is attached as Exhibit F.

51. On information and belief, Toyota has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '501 Patent in the state of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, offering for sale, selling, or importing vehicles, including but not limited to various model years of IS, ES, GS, LS, IS C, RX, GX, LX, IS F, LF A, CTh, RXh, GSh, LSh, and HS product, that include vehicle diagnostic systems, including but not limited to the Lexus Enform system and other similar systems, that infringe or the use of which infringe one or more claims of the '501 Patent, all to the injury of AVS. Toyota is thus liable for infringement of the '501 Patent pursuant to 35 U.S.C. § 271.

52. As a result of Toyota's infringement of the '501 Patent, Toyota has damaged AVS. Toyota is liable to AVS in an amount to be determined at trial that adequately compensates AVS for the infringement, which by law can be no less than a reasonable royalty.

53. AVS intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding relative to pre-suit infringement and/or post-suit infringement of the '501 Patent.

54. As a result of Toyota's infringement of the '501 Patent, AVS has suffered and will continue to suffer loss and injury unless Toyota is enjoined by this Court.

55. At least as early as its receipt of this Complaint, Toyota has had knowledge of the '501 Patent and written notice of the infringement.

## COUNT VII: INFRINGEMENT OF U.S. PATENT NO. 8,024,084

56. AVS incorporates the foregoing paragraphs as if fully set forth here.

57. On September 20, 2011, the USPTO duly and legally issued United States Patent No. 8,024,084 B2 ("the '084 Patent"), entitled "Vehicle Diagnostic Techniques." AVS owns the '084 Patent and holds the right to sue and recover damages for infringement thereof. A true and correct copy of the '084 Patent is attached as Exhibit G.

58. On information and belief, Toyota has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '084 Patent in the state of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, offering for sale, selling, or importing vehicles, including but not limited to various model years of IS, ES, GS, LS, IS C, RX, GX, LX, IS F, LF A, CTh, RXh, GSh, LSh, and HS product, that include vehicle diagnostic systems, including but not limited to the Lexus Enform system and other similar systems, that infringe or the use of which infringe one or more claims of the '084 Patent, all to the injury of AVS. Toyota is thus liable for infringement of the '084 Patent pursuant to 35 U.S.C. § 271.

59. As a result of Toyota's infringement of the '084 Patent, Toyota has damaged AVS. Toyota is liable to AVS in an amount to be determined at trial that adequately compensates AVS for the infringement, which by law can be no less than a reasonable royalty.

60. AVS intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding relative to pre-suit infringement and/or post-suit infringement of the '084 Patent.

61. As a result of Toyota's infringement of the '084 Patent, AVS has suffered and will continue to suffer loss and injury unless Toyota is enjoined by this Court.

62. At least as early as its receipt of this Complaint, Toyota has had knowledge of the '084 Patent and written notice of the infringement.

### COUNT VIII: INFRINGEMENT OF U.S. PATENT NO. 8,036,788

63. AVS incorporates the foregoing paragraphs as if fully set forth here.

64. On October 11, 2011, the USPTO duly and legally issued United States Patent No. 8,036,788 B2 ("the '788 Patent"), entitled "Vehicle Diagnostic Or Prognostic Message Transmission Systems And Methods." AVS owns the '788 Patent and holds the right to sue and recover damages for infringement thereof. A true and correct copy of the '788 Patent is attached as Exhibit H.

65. On information and belief, Toyota has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '788 Patent in the state of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, offering for sale, selling, or importing vehicles, including but not limited to various model years of IS, ES, GS, LS, IS C, RX, GX, LX, IS F, LF A, CTh, RXh, GSh, LSh, and HS product, that include vehicle diagnostic systems, including but not limited to the Lexus Enform system and other similar systems, that infringe or the use of which infringe one or more claims of the '788 Patent, all to the injury of AVS. Toyota is thus liable for infringement of the '788 Patent pursuant to 35 U.S.C. § 271.

66. As a result of Toyota's infringement of the '788 Patent, Toyota has damaged AVS. Toyota is liable to AVS in an amount to be determined at trial that adequately compensates AVS for the infringement, which by law can be no less than a reasonable royalty.

67. AVS intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding relative to pre-suit infringement and/or post-suit infringement of the '788 Patent.

68. As a result of Toyota's infringement of the '788 Patent, AVS has suffered and will continue to suffer loss and injury unless Toyota is enjoined by this Court.

69. At least as early as its receipt of this Complaint, Toyota has had knowledge of the '788 Patent and written notice of the infringement.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff AVS pray for the following relief:

70. A judgment in favor of AVS that Toyota has infringed AVS' '697, '244, '359, '802, '210, '501, '084, and '788 patents;

71. A permanent injunction, enjoining Toyota along with its officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, and parents from infringing AVS' '697, '244, '359, '802, '210, '501, '084, and '788 patents;

72. A judgment and order requiring Toyota to pay AVS damage for Toyota's infringement of AVS' '697, '244, '359, '802, '210, '501, '084, and '788 patents, together with interest (both pre- and post-judgment), costs and disbursements as fixed by this Court under 35 U.S.C. § 284;

73. A judgment and order finding Toyota's infringement willful and awarding treble the amount of damages and losses sustained by AVS as a result of Toyota's infringement under 35 U.S.C. § 284;

74. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to AVS its reasonable attorney's fees; and

75.     Such other and further relief in law or in equity to which AVS may be justly entitled.

## DEMAND FOR JURY TRIAL

76.     Plaintiff demands a trial by jury of any and all issues triable of right before a jury.

Respectfully submitted,

*/s/ Demetrios Anaipakos*
Demetrios Anaipakos
Texas Bar No. 00793258
danaipakos@azalaw.com
Amir Alavi
Texas Bar No. 00793239
aalavi@azalaw.com
Steven J. Mitby
Texas Bar No. 24037123
smitby@azalaw.com
Brian E. Simmons
Texas Bar No. 24004922
bsimmons@azalaw.com
AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING, P.C.
1221 McKinney Street, Suite 3460
Houston, TX 77010
Telephone: 713-655-1101
Facsimile: 713-655-0062

T. John Ward, Jr.
Texas Bar No. 00794818
jw@wsfirm.com
Wesley Hill
Texas Bar No. 24032294
wh@wsfirm.com
WARD & SMITH LAW FIRM
111 W. Tyler Street
Longview, TX  75601
Telephone: (903) 757-6400
Facsimile:  (903) 757-2323

4821-6834-2544, v.  1